1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICKY MUNOZ, AA4841,                      )
                                          )
            Plaintiff(s),                 )        No. C 11-1266 CRB (PR)
                                          )
      vs.                                 )        ORDER OF DISMISSAL
                                          )
JERRY BROWN, et al.,                      )
                                          )
            Defendant(s).                 )
————————————————————                      )

18        Plaintiff, a California prisoner currently incarcerated at the Florence

19  Correctional Center in Arizona, has filed a pro se civil rights complaint under 42

20  U.S.C. § 1983 alleging that California prison officials violated his Eighth

21  Amendment right to be free from cruel and unusual punishment when they

22  transferred him to an Arizona prison despite his warning them that such a transfer

23  would have an adverse and harsh impact on him and his severely ill mother.

**DISCUSSION**

24

25  A.     Standard of Review

26        Federal courts must engage in a preliminary screening of cases in which

27  prisoners seek redress from a governmental entity or officer or employee of a

28  governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

Unfortunately for plaintiff, it is well-settled that prisoners have no constitutional right to incarceration in a particular institution.  See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976).  A prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution.  See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (citing Meachum, 427 U.S. at 225) (intrastate prison transfer does not implicate Due Process Clause), and Olim, 461 U.S. at 244-48 (interstate prison transfer does not implicate Due Process Clause)); see also Stewart v. McManus, 924 F.2d 138 (8th Cir. 1991) (no due process rights implicated in transfer from state to federal prison).  Plaintiff's invocation of the Eighth Amendment does not compel a different result.  See Olim v. Wakinekona, 461 U.S. 238, 247 (1983) (prison transfers constitutional even where they involve "long distances and an ocean crossing"); Davis v. Carlson, 837 F.2d 1318, 1319 (5th Cir. 1988) (no right to transfer to prison near family); Moore v. United States Attorney Gen., 473 F.2d

1375, 1376 (5th Cir. 1973) (action to compel confinement near wife and children not cognizable); Persico v. Gunnell, 560 F. Supp. 1128, 1131-37 (S.D.N.Y. 1983) (prisoner objected to transfer on many grounds including separation from or needs of wife, children and mother; no due process or 8th Amendment violation as result of transfers among federal prisons).[1]

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state claim under the authority of 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED:   March 24, 2011

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.11\Munoz, R1.dismissal.wpd

---

[1]An inmate may state an Eighth Amendment claim if he alleges specific facts that constitute a well-founded fear that he will be killed if he is transferred to another prison.  See Fitzharris v. Wolff, 702 F.2d 836, 839 (9th Cir. 1983). But plaintiff alleges no such specific facts here.

3